FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 JUL -5 PM 3: 56

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAMES LIPINSKI,

    Plaintiff,

v.

Case No. 6:18-CV-1076-ORL-37-GJK

JON BARRY AND ASSOCIATES, INC.
d/b/a PARAGON REVENUE GROUP,

    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff James Lipinski, through undersigned counsel, sues Defendant Jon Barry and Associates, Inc. d/b/a Paragon Revenue Group and alleges:

### Introduction

1.    This is an action alleging Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2.    The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and to prevent abusive "robocalls."

3.    The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one consumer complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7. This Court has original jurisdiction over Plaintiff's claims arising under the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims, as they arise from a common nucleus of operative fact, and form part of the same case or controversy. 28 U.S.C. § 1367.

9. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

10. Venue is appropriate in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Brevard County, Florida.

11. Plaintiff is a natural person and resident of the State of Florida, residing in Merritt Island, Brevard County, Florida.

12. Defendant Jon Barry and Associates, Inc. dba Paragon Revenue Group is a foreign corporation organized in North Carolina, with its principal place of business located at 216 Le Phillip Court, Concord, North Carolina 28025, and which conducts business in the State of Florida through its registered agent, Cogency Global, Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

### General Allegations

13. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute § 559.55(8).

14. Plaintiff is an "alleged debtor."

15. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

16. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692(a)(6) and Florida Statute § 559.55(7).

17. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and Florida Statute § 559.55(6).

18. Defendant called Plaintiff on Plaintiff's cellular telephone dozens of times in an attempt to collect an alleged debt.

19. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (321) ***-3699 and was the called party and recipient of Defendant's calls.

21. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: 800-560-6169 and 844-417-0384.

22. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and he received prerecorded messages from Defendant.

23. On several occasions over the last three (3) years Plaintiff instructed Defendant's agents/representatives to stop calling his cellular telephone.

24. For instance, in or around May 2016, Plaintiff received a call from Defendant to his cellular telephone. Plaintiff answered the call and demanded that the calls to his cellular phone stop. However, the calls did not stop.

25. On several occasions over the next two years Defendant repeatedly called Plaintiff's cell phone to collect a debt allegedly owed by Plaintiff's mother. Plaintiff repeatedly

informed Defendant that his mother is deceased, and asked Defendant to stop calling, but the calls continued.

26. Despite clearly and unequivocally revoking any consent Defendant may have believed it had to call Plaintiff on his cellular telephone, Defendant continued to place automated calls to Plaintiff.

27. Plaintiff's numerous conversations with Defendant's agents/representatives over the telephone, wherein he demanded cessation of calls, were in vain as Defendant continued to bombard him with automated calls unabated.

28. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

29. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to Plaintiff's cellular telephone in this case.

30. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendant, to remove the number.

31. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff despite these individuals explaining to Defendant they wish for the calls to stop.

32. Defendant has other federal lawsuits against it alleging similar violations as stated in this Complaint.

33. Defendant has numerous complaints against it across the country, asserting that its automatic telephone dialing system continues to call despite requests to stop.

34. Defendant has had numerous complaints from consumers across the country asking not to be called; however, Defendant continues to call the consumers.

35. Defendant's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

36. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

37. Not a single call placed by Defendant to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

39. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

40. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendant's calls.

41. From each and every call Defendant placed to Plaintiff's cellular telephone without consent, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

42. Each and every call Defendant placed to Plaintiff's cellular telephone without consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go through the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

43. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

44. Each and every call Defendant placed to Plaintiff's cellular telephone without consent where a voice message was left, occupied space in Plaintiff's telephone or network.

45. Each and every call Defendant placed to Plaintiff's cellular telephone without consent resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

46. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and aggravation.

## COUNT I
### (Violation of the TCPA)

47. Plaintiff fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

50. Plaintiff fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

51. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

53. Defendant has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

54. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

55.     Plaintiff fully incorporates and realleges paragraphs 1 through 46 as if fully set forth herein.

56.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

57.     Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

58.     Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

59.     Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ R. Kersey*

Joshua R. Kersey
Florida Bar No.: 087578
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 225-5505
Facsimile: (813) 222-2490
JKersey@ForThePeople.com
JessicaK@ForThePeople.com
*Attorneys for Plaintiff*